# EXHIBIT A

CALLAGY LAW, P.C.
*A Limited Liability Company*
Lori B. Shlionsky (Bar Id. 205322017)
Mack-Cali Centre II
650 From Road, Suite 565
Paramus, New Jersey 07652
Phone: (201) 261-1700
Fax: (201) 549-6236
E-mail: lshlionsky@callagylaw.com
Attorneys for Plaintiff, Metropolitan Neurosurgical Associates of N.J., P.C.

|  |  |
|---|---|
| **Metropolitan Neurosurgery Associates on assignment of Naazish S.,** | : **SUPERIOR COURT OF NEW JERSEY**<br>: **LAW DIVISION: CIVIL PART**<br>: **BERGEN COUNTY** |
| **Plaintiff,** | :<br>: **DOCKET NO.:** |
|  | : |
| **v.** | :            **CIVIL ACTION** |
|  | : |
| **AETNA, INC., and Deloitte Services LLP,** | :            **COMPLAINT** |
|  | : |
| **Defendants.** | : |

Metropolitan Neurosurgery Associates ("Plaintiff") as Naazish S., ("Patient" or "Principal") attorney-in-fact by way of Complaint against Aetna, Inc. and Deloitte Services LLP (collectively "Defendants"), asserts:

## THE PARTIES

1.      For all relevant times herein, Plaintiff is and was a healthcare provider in the State of New Jersey whose principal place of business is 309 Engle Street, Englewood, New Jersey 07631.

2.      Upon information and belief, Defendants were present and engaged in significant activities in the State of New Jersey to sustain this Court's exercise of *in personam* jurisdiction.

3.      Venue and Jurisdiction is proper in the Bergen County Superior Court because the Plaintiff resides in Bergen County.

## ANATOMY OF THE CLAIM

4.     Patient presented to Metropolitan Neurosurgery Associates on December 4, 2019.

5.     Patient was admitted from the emergency room with severe exacerbation of symptoms due to failed non-surgical treatment of long-standing severe low back pain and limited mobility with proximal radicular leg pain. See **Exhibit A.**

6.     Patient underwent a laminectomy, removal of disk herniation, and intraoperative fluoroscopy with physician interpretation on December 4, 2019. Id.

7.     On December 4, 2020, Dr. Kevin Yao and assistant surgeon, Marc Arginteanu, M.D, provided medically necessary and reasonable services to Patient. Id.

8.     The bill for these services, submitted by Metropolitan Neurosurgery Associates by way of health insurance claim forms ("HICFs"), was $138,192.00 for date of service December 4, 2019. See **Exhibit B**.

9.     Defendants remitted reimbursement for these services rendered by Metropolitan Neurosurgery Associates in the total amount of $4,068.74 for date of service December 4, 2019. See **Exhibit C**.

10.     This represents an alleged underpayment to Plaintiff of $134,123.26 for date of service December 4, 2019.

11.     The patient's plan calls for emergency care to be covered 24 hours a day, 7 days a week, anywhere in the world. The table below shows the method of reimbursement for emergency care:

| Emergency Care | |
|---|---|
| Emergency Room Services | $250 copay, then the Plan pays 100%; Copay waived if admitted |

### See **Exhibit D attached hereto.**

2

12.     Plaintiff proceeded to submit multiple appeals seeking additional reimbursement under the plan's provisions, however no additional payment nor resolution was achieved.  See **Exhibit E** attached hereto.

13.     Plaintiff has exhausted all administrative remedies.

14.     Accordingly, Plaintiff brought suit.

### FIRST CAUSE OF ACTION
### (Breach of Contract)

1.     Plaintiff repeats and restates the allegations in the preceding paragraphs of the Complaint as if fully set forth at length herein.

2.     As a result of the foregoing, Defendants provide health insurance benefits to the insured Patient and through their actions breached the contract with the Patient.

3.     As a result of Defendants actions, Plaintiff has been damaged in an amount of $134,123.26 for date of service December 4, 2019, cost of suit, attorneys' fees, plus interest, thereon and any other relief as the Court deems just and equitable under the circumstances.

### SECOND CAUSE OF ACTION
### (Unjust Enrichment)

4.     Plaintiff repeats and restates the allegations in the preceding paragraphs of the Complaint as if fully set forth at length herein.

5.     Defendant was unjustly enriched at the expense of the Plaintiff.

6.      Plaintiff provided services to Patient, the Defendants insured, and the Plaintiff was underpaid pursuant to the health benefit plan.

7.      As a direct and proximate result of the Defendant's actions and unjust enrichment, Plaintiff has suffered, and will continue to suffer, substantial monetary damages.

8.      As a result of Defendants actions, Plaintiff has been damaged in an amount of $134,123.26 for date of service December 4, 2019, cost of suit, attorneys' fees, plus interest, thereon and any other relief as the Court deems just and equitable under the circumstances.

### THIRD CAUSE OF ACTION
### (Promissory Estoppel)

9.      Plaintiff repeats and restates the allegations in the preceding paragraphs of the Complaint as if fully set forth at length herein.

10.      Defendant made representations to Plaintiff concerning payment in accordance with the health benefit plan or Summary Plan Description ("SPD").

11.      Defendant failed to comply with the terms of the Summary Plan Description.

12.      Plaintiff reasonably relied upon the representations made by the SPD.

13.      As a result of Defendants actions, Plaintiff has been damaged in an amount of $134,123.26 for date of service December 4, 2019, cost of suit, attorneys' fees, plus interest, thereon and any other relief as the Court deems just and equitable under the circumstances.

### FOURTH CAUSE OF ACTION
### (Breach of Duty of Good Faith and Fair Dealing)

14.      Plaintiff repeats and restates the allegations in the preceding paragraphs of the Complaint as if fully set forth at length herein.

15.     Defendants owed Plaintiff an obligation to act in good faith and deal fairly with him regarding the terms of the SPD.

16.     By engaging in the misconduct alleged herein, Defendants breached their duty of good faith and fair dealing, which has damaged and continues to damage Plaintiff.

17.     As a result of Defendants actions, Plaintiff has been damaged in an amount of $134,123.26 for date of service December 4, 2019, cost of suit, attorneys' fees, plus interest, thereon and any other relief as the Court deems just and equitable under the circumstances.

**WHEREFORE**, Plaintiff demands judgment against Defendants, as follows:

a.   For an Order directing Defendant to pay to Plaintiff $134,123.26 for date of service December 4, 2019;

b.   For compensatory damages and interest;

c.   For attorney's fees and costs of suit, if allowed by the Agreement; and

d.   For such other and further relief as the court may deem just and equitable.

[Signature block continued on next page.]

**Dated: November 22, 2021**

5

Respectfully submitted,

**CALLAGY LAW, PC**

**Lori B. Shlionsky (Bar Id. 205322017)**
**650 From Road, Suite 565**
**Paramus, New Jersey 07652**
**Telephone: (201) 261-1700**
**Facsimile: (201) 549-6237**
**E-mail: lshlionsky@callagylaw.com**
*Attorney for Plaintiff*

## TRIAL COUNSEL DESIGNATION

Kaitlin A. McGuire, Esq., is hereby designated as Trial Counsel in the above matter.

## R. 4:5-1(b)(2) CERTIFICATION

Pursuant to R. 4:5-1(b)(2), I hereby certify that the matter in controversy is not the subject of any other action pending in any court, is not the subject of a pending arbitration proceeding and is not the subject of any other contemplated action or arbitration proceeding, except as may be set forth below:

**None.**

I further certify that I know of no non-parties who should be joined in the action pursuant to R. 4:28, or who may be subject to joinder pursuant to R. 4:29-1(b) because of potential liability to any party on the basis of the same transactional facts, except as may be set forth below:

**None.**

Respectfully submitted,

**CALLAGY LAW, PC**

Lori B. Shlionsky (Bar Id. 205322017)
650 From Road, Suite 565
Paramus, New Jersey 07652
Telephone: (201) 261-1700
Facsimile: (201) 549-6237
E-mail: lshlionsky@callagylaw.com
*Attorney for Plaintiff*

# Exhibit A

**Kevin C Yao, MD**
Physician
Neurosurgery

Operative Report
Signed

Date of Service: 12/4/2019  6:46 PM

## ENGLEWOOD HOSPITAL and MEDICAL CENTER
### 350 Engle Street
### Englewood, NJ  07631

## REPORT OF OPERATION

**SURGEON:** Kevin Yao, MD

DATE OF PROCEDURE: 12/04/2019

ASSISTANT: Marc Arginteanu, M.D.

PREOPERATIVE DIAGNOSES: L1-2 spinal stenosis, disk herniation.

POSTOPERATIVE DIAGNOSES: L1-2 spinal stenosis, disk herniation.

PROCEDURE PERFORMED:
1. L1-2 laminectomy.
2. L1-2 posterior instrumentation, pedicle screws and rods.
3. L1-2 posterolateral fusion with allograft and autograft bone.
4. L1-2 diskectomy for removal of disk herniation.
5. Intraoperative fluoroscopy with physician interpretation.

ANESTHESIA: General endotracheal.

INDICATIONS FOR SURGERY: The patient is a gentleman with long-standing severe low back and limited mobility with proximal radicular leg pain bilaterally. He has failed non-surgical treatment and presented to the Emergency Room with severe exacerbation of symptoms. Severe spinal stenosis at L1-2 with a partially calcified disk herniation was identified. The risks, benefits and alternatives to L1-2 decompression, fusion and instrumentation surgery were discussed with the patient. He wished to proceed with the surgery.

OPERATIVE FINDINGS: Spinal stenosis, calcified disk herniation.

DESCRIPTION OF PROCEDURE: The patient was brought to the Operating Room and was smoothly induced under general endotracheal anesthesia. A dose of antibiotics and steroids were administered. A Foley catheter was placed. The patient was gently rolled into the position. All pressure points were padded. Intraoperative fluoroscopy was used to identify and mark out the L1-2 region

along the posterior midline of the back.  A standard sterile prep and drape was performed.  A surgical time-out was taken.

The incision was created using a scalpel blade.  The Bovie carried the incision down to the fascia.  Subperiosteal exposure of the L1 and L2 were obtained out to the lateral aspect of the transverse processes.  Self-retaining retractors were placed.  Intraoperative fluoroscopy confirmed appropriate labelling of the spinal levels.  Laminectomy at L1-L2 was performed using rongeurs.  This bone was saved for later use with the fusion.  The laminectomy was widened using rongeurs.  Spinal stenosis was identified and decompressed.  Gentle retraction of the thecal sac identified a disk herniation which was partially calcified.  Incision into the disk allowed partial diskectomy and removal of disk material and decompression.  We then placed pedicle screws at L1 and L2 in the following manner.  Pilot holes were placed using a high-speed drill.  A pedicle probe was placed, transpedicularly into the vertebral body.  Fluoroscopy was performed with markers in place.  Once appropriate trajectories had been confirmed, the holes were tapped and then DePuy Expedium screws were placed.  Excellent biomechanical fixation was achieved at L1-L2.  Rods were placed through the screws heads from L1 to L2 bilaterally.  Set screws were placed and then finally tightened.  The transverse processes of L1 and L2 were then decorticated.  Allograft and autograft bone were placed over these surfaces to complete the fusion.  Meticulous hemostasis was achieved.  An epidural wound drain was placed, run out through the skin and secured with a stitch.  The wound was then closed in layers using Vicryl for the muscle, fascia and subcutaneous layers.  The skin was closed in standard sterile fashion.  The wound was then washed, dried and dressed sterilely.   A qualified assistant was present and medically necessary to safely aid in identifying neural structures , retraction, decompression, instrumentation and maintain clear visual field. He was rolled back into the supine position, awoken from anesthesia and  extubated. Electrophysiologic monitoring remained stable throughout the operation.

Kevin Yao, MD

Dict:    12/04/2019 6:25:24 PM
Trans:   12/04/2019 7:46:06 PM
Job#:   205102729
PMC:    kl

CC:    Kevin Yao, MD

Last signed by:  Kevin C Yao, MD at 12/5/2019  1:46 PM

ED to Hosp-Admission
(Current) on 12/4/2019

# Exhibit B

AETNA
PO BOX 981106
EL PASO TX 79998

# HEALTH INSURANCE CLAIM FORM

APPROVED BY NATIONAL UNIFORM CLAIM COMMITTEE (NUCC) 02/12

☐ PICA

PICA ☐

| 1. | | | | | | |
|---|---|---|---|---|---|---|
| MEDICARE | MEDICAID | TRICARE | CHAMPVA | GROUP HEALTH PLAN | FECA BLK LUNG | OTHER |
| (Medicare#) | (Medicaid#) | (ID#/DoD#) | (Member ID#) | (ID#) | (ID#) | X (ID#) |

1a. INSURED'S I.D. NUMBER                                (For Program in Item 1)

2. PATIENT'S NAME (Last Name, First Name, Middle Initial)

3. PATIENT'S BIRTH DATE   SEX

4. INSURED'S NAME (Last Name, First Name, Middle Initial)

5. PATIENT'S ADDRESS

6. PATIENT RELATIONSHIP TO INSURED

7. INSURED'S ADDRESS

8. RESERVED FOR NUCC USE

CITY                                    STATE

ZIP CODE          TELEPHONE (Include Area Code)
                  (    )

9. OTHER INSURED'S NAME (Last Name, First Name, Middle Initial)

10. IS PATIENT'S CONDITION RELATED TO:

11. INSURED'S POLICY GROUP OR FECA NUMBER

a. OTHER INSURED'S POLICY OR GROUP NUMBER

a. EMPLOYMENT? (Current or Previous)
   ☐ YES   ☒ NO

a. INSURED'S DATE OF BIRTH   SEX
   MM  DD  YY        M ☐  F ☐

b. RESERVED FOR NUCC USE

b. AUTO ACCIDENT?   PLACE (State)
   ☐ YES   ☒ NO

b. OTHER CLAIM ID (Designated by NUCC)

c. RESERVED FOR NUCC USE

c. OTHER ACCIDENT?
   ☐ YES   ☒ NO

c. INSURANCE PLAN NAME OR PROGRAM NAME

d. INSURANCE PLAN NAME OR PROGRAM NAME

10d. CLAIM CODES (Designated by NUCC)

d. IS THERE ANOTHER HEALTH BENEFIT PLAN?
   ☐ YES   ☒ NO   If yes, complete items 9, 9a, and 9d.

READ BACK OF FORM BEFORE COMPLETING & SIGNING THIS FORM.
12. PATIENT'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize the release of any medical or other information necessary to process this claim. I also request payment of government benefits either to myself or to the party who accepts assignment below.

SIGNED  SIGNATURE ON FILE        DATE

13. INSURED'S OR AUTHORIZED PERSON'S SIGNATURE  I authorize payment of medical benefits to the undersigned physician or supplier for services described below.

SIGNED  SIGNATURE ON FILE

14. DATE OF CURRENT ILLNESS, INJURY, or PREGNANCY (LMP)
    MM  DD  YY   QUAL.

15. OTHER DATE   MM  DD  YY
    QUAL.

16. DATES PATIENT UNABLE TO WORK IN CURRENT OCCUPATION
    FROM  MM DD YY   TO  MM DD YY

17. NAME OF REFERRING PROVIDER OR OTHER SOURCE
    17a.
    17b. NPI

18. HOSPITALIZATION DATES RELATED TO CURRENT SERVICES
    FROM  12 04 19   TO  MM DD YY

19. ADDITIONAL CLAIM INFORMATION (Designated by NUCC)

20. OUTSIDE LAB?   $ CHARGES
    ☐ YES   ☐ NO

21. DIAGNOSIS OR NATURE OF ILLNESS OR INJURY  Relate A-L to service line below (24E)   ICD Ind. 0

A. M48061   B. M5126   C. ___   D. ___
E. ___   F. ___   G. ___   H. ___

22. RESUBMISSION CODE   ORIGINAL REF. NO.

23. PRIOR AUTHORIZATION NUMBER

| 24. A. DATE(S) OF SERVICE From To | | B. PLACE OF SERVICE | C. EMG | D. PROCEDURES, SERVICES, OR SUPPLIES (Explain Unusual Circumstances) CPT/HCPCS MODIFIER | E. DIAGNOSIS POINTER | F. $ CHARGES | G. DAYS OR UNITS | H. EPSDT Family Plan | I. ID QUAL. | J. RENDERING PROVIDER ID. # |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 12 04 19  12 04 19 | 21 | Y | 22612 | AB | 53861 00 | 1 | | ZZ | 207T00000X |
| | | | | | | | | | NPI | 1407971542 |
| 2 | 12 04 19  12 04 19 | 21 | Y | 63047 | AB | 53000 00 | 1 | | ZZ | 207T00000X |
| | | | | | | | | | NPI | 1407971542 |
| 3 | 12 04 19  12 04 19 | 21 | Y | 22840 | AB | 26115 00 | 1 | | ZZ | 207T00000X |
| | | | | | | | | | NPI | 1407971542 |
| 4 | 12 04 19  12 04 19 | 21 | Y | 20936 | AB | 2916 00 | 1 | | ZZ | 207T00000X |
| | | | | | | | | | NPI | 1407971542 |
| 5 | 12 04 19  12 04 19 | 21 | Y | 20930 | AB | 2300 00 | 1 | | ZZ | 207T00000X |
| | | | | | | | | | NPI | 1407971542 |
| 6 | | | | | | | | | NPI | |

25. FEDERAL TAX I.D. NUMBER   SSN EIN
    222478733   ☒

26. PATIENT'S ACCOUNT NO.

27. ACCEPT ASSIGNMENT?
    ☒ YES   ☐ NO

28. TOTAL CHARGE
    $ 138192 00

29. AMOUNT PAID
    $ 0 00

30. Rsvd for NUCC Use

31. SIGNATURE OF PHYSICIAN OR SUPPLIER INCLUDING DEGREES OR CREDENTIALS
(I certify that the statements on the reverse apply to this bill and are made a part thereof.)

Kevin Yao

SIGNED   12/05/2019   DATE

32. SERVICE FACILITY LOCATION INFORMATION
ENGLEWOOD HOSPITAL  MEDICAL
350 ENGLE STREET
ENGLEWOOD NJ 076311808
1083612881

33. BILLING PROVIDER INFO & PH #  ( 201 ) 569 7737
Metropolitan Neurosurgery Associates
309 Engle Street Suite 6
Englewood  NJ 076311822
1881661403    ZZ 207T00000X

# Exhibit C

12/30/2019   10:48                                           (FAX)                                    P.004/007



**aetna**

P.O. BOX 981106
EL PASO TX 79998-1106
USA

**Payment Address:**
METROPOLITAN NEUROSURGERY ASSOCIATES PA
309 ENGLE ST STE 6
ENGLEWOOD NJ 07631-1822

**Provider Address:**
KEVIN C YAO MD
309 ENGLE ST STE 6
ENGLEWOOD NJ 07631-1822



### Explanation Of Benefits

**Get paid faster   sign up for EFT today!**

With electronic funds transfer (EFT), we deposit your payments directly to your account. No more trips to the bank! Sign up through EnrollHub® at https://solutions.caqh.org. Or get a paper enrollment form. Medical providers go to www.aetnaeft.com. Dental providers go to www.aetnadental.com.

| DATES | | CODE | NO. SVCS | SUBMITTED CHARGES | ALLOWABLE AMOUNT | COPAY AMOUNT | NOT PAYABLE | SEE REMARKS | DEDUCTIBLE | CO INSURANCE | PATIENT RESP | PAYABLE AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/04/19 | 21 | 22840 | 1.0 | 26,115.00 | | | 25,033.52 | 1 | | | | 1,081.48 |
| 12/04/19 | 21 | 22812 | 1.0 | 53,861.00 | | | 51,629.89 | 1 | | | | 2,231.11 |
| 12/04/19 | 21 | 20936 | | 2,916.00 | | | 2,916.00 | 2 | | | | 0.00 |
| 12/04/19 | 21 | 20930 | | 2,300.00 | | | 2,300.00 | 2 | | | | 0.00 |
| **TOTALS** | | | | 85,192.00 | | | 81,899.41 | | | | | 3,292.59 |

ISSUED AMT:          $3,292.59

**Remarks:**
1 - The member's plan provides benefits for covered expenses at the reasonable charge for the service in the geographical area where it is provided. In certain circumstances, especially where the service is unusual or not often provided in the geographical area, the reasonable charge may be determined by considering other factors, including the prevailing charge in other areas. You are not part of our network and therefore we cannot prevent you from billing the member for any balance. But if you do, we reserve the right to challenge your bill.

Note: Some state laws prohibit you from balance billing a fully insured member. Confirm the member's plan funding, then refer to the state's regulation. [W39]

2 - We do not consider any portion of this service as a reasonable charge because the service is incidental to other services provided to the patient for which reimbursement was, or will be, considered. [77B]

| DATES | | CODE | NO. SVCS | SUBMITTED CHARGES | ALLOWABLE AMOUNT | COPAY AMOUNT | NOT PAYABLE | SEE REMARKS | DEDUCTIBLE | CO INSURANCE | PATIENT RESP | PAYABLE AMOUNT |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12/04/19 | 21 | 63047 | 1.0 | 53,000.00 | | | 52,223.85 | 1 | | | | 776.15 |
| **TOTALS** | | | | 53,000.00 | | | 52,223.85 | | | | | 776.15 |

ISSUED AMT:          $776.15

**Remarks:**
1 - The member's plan provides benefits for covered expenses at the reasonable charge for the service in the geographical area where it is provided. In certain circumstances, especially where the service is unusual or not often provided in the geographical area, the reasonable charge may be determined

Continued on Next Page

12/30/2019   10:49                                    (FAX)                        P.005/007

  P.O. BOX 981108
EL PASO TX 79998-1106
USA

**Explanation Of Benefits**



Payment Address:
METROPOLITAN NEUROSURGERY ASSOCIATES PA
309 ENGLE ST STE 6
ENGLEWOOD NJ 07631-1822

**Remarks (contd):**
by considering other factors, including the prevailing charge in other areas.  You are not part of our
network and therefore we cannot prevent you from billing the member for any balance.  But if you do,
we reserve the right to challenge your bill.

Note: Some state laws prohibit you from balance billing a fully insured member   Confirm the
member's plan funding, then refer to the state's regulation.  [W39]
Your claim has been separated to expedite handling.  You will receive a separate notice for the other services reported.  (E73)

**For Questions Regarding This Claim**
P.O. BOX 981106 EL PASO, TX 79998-1106
*CALL (888) 632-3862* FOR ASSISTANCE
Note: All inquiries should reference the ID number above for prompt response.

| | |
|---|---|
| Total Patient Responsibility: | $0.00 |
| Claim Payment: | $4,068.74 |

Total Payment to: *KEVIN C YAO MD*                              $4,068.74

# **<u>Exhibit D</u>**

| | |
|---|---|
| Midwife | $25 copay, then the Plan pays 100% of Covered Expenses after deductible for prenatal care in provider's office; the Plan pays 100% for hospital births; not an eligible expense for home births |
| **Outpatient Services** | |
| Outpatient Surgery | Physician's Office: $25 PCP/$40 Specialist copay, then the Plan pays 100% of Covered Expenses<br>Outpatient Facility: $100 copay, then the Plan pays 100% of Covered Expenses after deductible |
| Ambulatory Surgical Center Services | $100 copay, then the Plan pays 100% of Covered Expenses after deductible |
| Diagnostic Services | Physician's Office: $25 PCP/$40 Specialist copay applies to office visit, then the Plan pays 100% of Covered Expenses<br>Outpatient Facility: the Plan pays 100% of Covered Expenses after deductible<br>Independent Lab: the Plan pays 100% of Covered Expenses if billed in conjunction with an office visit; otherwise the Plan pays 100% after deductible |
| Outpatient Therapy (Speech, Occupational, Physical) | Physician's Office and Outpatient Facility: $40 copay, then the Plan pays 100% of Covered Expenses |
| *Limits: 30 visits per calendar year per therapy type* | |
| Spinal Manipulations/Chiropractic | $40 copay, then the Plan pays 100% of Covered Expenses |
| *Limits: 30 visits per calendar year* | |
| **Inpatient Services** | |
| Hospital Room and Board | $100 copay per admission, then the Plan pays 100% of Covered Expenses after deductible |
| X-rays and Lab Tests | The Plan pays 100% of Covered Expenses after deductible |
| Maternity Care | The Plan pays 100% of Covered Expenses after deductible (copay waived for newborns) |
| Inpatient Surgery | The Plan pays 100% of Covered Expenses after deductible |
| Anesthesiology | The Plan pays 100% of Covered Expenses after deductible |
| **Emergency Care** | |
| Emergency Room | $250 copay, then the Plan pays 100% of Covered Expenses, copay waived if admitted; not subject to deductible; not covered if not an emergency |
| Ambulance | The Plan pays 100% of Billed Charges after deductible; for emergency only |
| Urgent Care Centers | $40 copay, then the Plan pays 100% of Covered Expenses |
| **Mental Health Services** | |
| Inpatient | $100 copay per admission, then the Plan pays 100% of Covered Expenses after deductible |

BER-L-007682-21   11/22/2021 12:37:00 PM   Pg 3 of 3 Trans ID: LCV20212725132

# Emergency Care

## *Emergency Room*

If you need emergency care, you are covered 24 hours a day, 7 days a week, anywhere in the world. The Claims Administrator has adopted the following definition of an emergency medical condition from the Balanced Budget Act (BBA) of 1997:

An emergency medical condition is a medical condition manifesting itself by acute symptoms of sufficient severity (including severe pain) such that a prudent layperson (including the parent of a minor child or the guardian of a disabled individual), who possesses an average knowledge of health and medicine, could reasonably expect the absence of immediate medical attention to result in one of the following:

- Placing the health of the individual (or, with respect to a pregnant woman, the health of the woman or her unborn child) in serious jeopardy
- Serious impairment to bodily function
- Serious dysfunction of any bodily organ or part

Some examples of emergencies are:

- Heart attack or suspected heart attack
- Suspected overdose of medication
- Poisoning
- Severe burns
- Severe shortness of breath
- High fever (especially in infants)
- Uncontrolled or severe bleeding
- Loss of consciousness

Whether you are in or out of Aetna's service area, the guidelines below apply to emergency care:

- The emergency room copayment will be waived if you are admitted to the hospital
- If you go to an emergency facility for treatment that the Claims Administrator determines is non-emergency in nature, you will be responsible for the bill. The Plan does not cover non-emergency use of the emergency room
- Air ambulance services will be covered when either of the following is true:
  - The medical situation is life threatening
  - A covered person incurs emergency care due to illness or injury in a location that is not their residence, and as a result of that illness or injury requires medically supervised air transport in order to obtain care in a setting closer to their area of residence or in their home country

# Exhibit E



# CALLAGY LAW, P.C.

**650 From Road • Suite 565 • Paramus, NJ • 07652**
*Phone: 201-261-1700 • Fax: 201-261-1775*
[*www.CallagyLaw.com*](www.CallagyLaw.com) • [*info@CallagyLaw.*](info@CallagyLaw.)

---

**New York Office:**
WeWork c/o
Callagy Law, PC
750 Lexington Ave.
New York, NY 10022
Phone: 929.436.000

**Arizona Office:**
2550 W. Union Hills Drive
Suite350-341
Phoenix, AZ 85027
Phone: 602.687.5844

**Florida Office:**
1900 NW Corporate Blvd
Suite 310W
Boca Raton, FL 33431
Phone: 561.405.7966
Fax: 201.549.8753

**Partners**
**Sean R. Callagy**
Michael J. Smikun
Thomas LaGreca
Brian P. McCann
Christopher Cavalli
Hala A. Jaloudi
Jeffrey L. Greyber
David L. Aromondo

*Our team of attorneys is
licensed to practice in one
or more of the following
states:*

NJ, NY, AZ, TX, FL, PA,
NH, GA, DC

**CONFIDENTIAL SETTLEMENT COMMUNICATION PURSUANT TO RULE 408**

July 28, 2021

**VIA E-MAIL**
Zdenka Santorelli
Deloitte LLP



Dear Sir/Madam:

Please be advised that this firm, and more specifically the undersigned, represents Metropolitan Neurosurgery Associates as related to the above referenced claim.

Our client is an out-of-network provider who provided medically necessary treatment to your member referenced above. For these services, our client billed $138,192.00 and a total amount of $4,068.74 has been allowed.

It is our client's position that the Allowed Amount has not been properly calculated, and, therefore, additional reimbursement should be made to our client. Specifically, the plan defined allowed amount with respect to out-of-network providers as "reasonable and customary amount."

See the below chart as to my calculation as to the remaining amount due and owing on this case:

| DOS | CPT | Billed | Paid | Amount Due | 80th of UCR | Owed |
|---|---|---|---|---|---|---|
| 12/4/2019 | 22612 | $53,861.00 | $2,231.11 | $51,629.89 | $56,000.00 | $53,768.89 |
| | 63047 | $53,000.00 | $776.15 | $52,223.85 | $64,000.00 | $63,223.85 |
| | 22840 | $26,115.00 | $1,061.48 | $25,053.52 | $27,600.00 | $26,538.52 |
| | 20936 | $2,916.00 | $0.00 | $2,916.00 | $2,916.00 | $2,916.00 |
| | 20930 | $2,300.00 | $0.00 | $2,300.00 | $3,100.00 | $3,100.00 |
| | | | | | Total Owed | $149,547.26 |

**Please be advised, I am authorized to offer a settlement of <u>$134,592.53</u>**

Despite our client's best efforts to resolve this matter though available administrative remedies, including appeals, our client remains underpaid.  In the spirit of compromise, and in the interest of preserving litigation and judicial resources, our client is willing to negotiate settlement of this matter.   Kindly accept this letter as an attempt to resolve this matter without any further action.

I can be reached at (201) 261-1700 ext. 222, or via e-mail at <u>kmcguire@callagylaw.com</u> or direct fax to (201) 221-1700. If you have already retained counsel, please have them contact me as directed above.

Very truly yours,

Kaitlin A. McGuire, Esq.

KAM/jc



# CALLAGY LAW, P.C.

**650 From Road • Suite 565 • Paramus, NJ • 07652**
*Phone: 201-261-1700 • Fax: 201-261-1775*
*www.CallagyLaw.com • info@CallagyLaw.*

**New York Office:**
WeWork c/o
Callagy Law, PC
750 Lexington Ave.
New York, NY 10022
Phone: 929.436.000

**Jersey City Office:**
3000 John F. Kennedy Blvd
Suite 311
Jersey City, NJ 07306
Phone: 201.565.2344
Fax: 201.918.2039

**Arizona Office:**
2550 W. Union Hills Drive
Suite350-341
Phoenix, AZ 85027
Phone: 602.687.5844

**Florida Office:**
1900 NW Corporate Blvd
Suite 310W
Boca Raton, FL 33431
Phone: 561.405.7966
Fax: 201.549.8753

**Partners**
**Sean R. Callagy**
Michael J. Smikun
Thomas LaGreca
Brian P. McCann
Christopher Cavalli
Hala A. Jaloudi
Jeffrey L. Greyber
David L. Aromondo

*Our team of attorneys is licensed to practice in one or more of the following states:*

NJ, NY, AZ, TX, FL, PA, NH, GA, DC

**CONFIDENTIAL SETTLEMENT COMMUNICATION PURSUANT TO RULE 408**

January 15, 2021

**VIA FACSIMILE (859-466-8650)**
Aetna
Provider Resolution Team
PO Box 14020
Lexington, KY 40512

RE: 

Dear Sir/Madam:

Please be advised that this firm, and more specifically the undersigned, represents Metropolitan Neurosurgery Associates as related to the above referenced claim.

Our client is an out-of-network provider who provided medically necessary treatment to your member referenced above. For these services, our client billed $138,192.00 and a total amount of $4,068.74 has been allowed.

It is our client's position that the Allowed Amount has not been properly calculated, and, therefore, additional reimbursement should be made to our client. Specifically, the plan defined allowed amount with respect to out-of-network providers as "reasonable and customary amount."

See the below chart as to my calculation as to the remaining amount due and owing on this case:

| DOS | CPT | Billed | Paid | Amount Due | 80th of UCR | Owed |
|---|---|---|---|---|---|---|
| 12/4/2019 | 22612 | $53,861.00 | $2,231.11 | $51,629.89 | $56,000.00 | $53,768.89 |
| | 63047 | $53,000.00 | $776.15 | $52,223.85 | $64,000.00 | $63,223.85 |
| | 22840 | $26,115.00 | $1,061.48 | $25,053.52 | $27,600.00 | $26,538.52 |
| | 20936 | $2,916.00 | $0.00 | $2,916.00 | $2,916.00 | $2,916.00 |
| | 20930 | $2,300.00 | $0.00 | $2,300.00 | $3,100.00 | $3,100.00 |

**Total Owed**    **$149,547.26**

**Please be advised, I am authorized to offer a settlement of <u>$134,592.53</u>**

Despite our client's best efforts to resolve this matter though available administrative remedies, including appeals, our client remains underpaid.  In the spirit of compromise, and in the interest of preserving litigation and judicial resources, our client is willing to negotiate settlement of this matter.   Kindly accept this letter as an attempt to resolve this matter without any further action.

I can be reached at (201) 261-1700 ext. 222, or via e-mail at <u>kmcguire@callagylaw.com</u> or direct fax to (201) 221-1700. If you have already retained counsel, please have them contact me as directed above.

Very truly yours,

Kaitlin A. McGuire, Esq.

KAM/jc

# Civil Case Information Statement

## Case Details: BERGEN | Civil Part Docket# L-007682-21

**Case Caption:** METROPOLITAN NEUROSU RGERY ASS
VS AETNA, INC.

**Case Initiation Date:** 11/22/2021

**Attorney Name:** LORI B SHLIONSKY

**Firm Name:** CALLAGY LAW

**Address:** 650 FROM RD STE 565

PARAMUS NJ 07652

**Phone:** 2012611700

**Name of Party:** PLAINTIFF : Metropolitan Neurosurgery
Assc

**Name of Defendant's Primary Insurance Company**

(if known): None

**Case Type:** CONTRACT/COMMERCIAL TRANSACTION

**Document Type:** Complaint

**Jury Demand:** NONE

**Is this a professional malpractice case?** NO

**Related cases pending:** NO

**If yes, list docket numbers:**

**Do you anticipate adding any parties (arising out of same
transaction or occurrence)?** NO

**Are sexual abuse claims alleged by: Metropolitan Neurosurgery
Assc?** NO

## THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
### CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** NO

**If yes, is that relationship:**

**Does the statute governing this case provide for payment of fees by the losing party?** NO

**Use this space to alert the court to any special case characteristics that may warrant individual
management or accelerated disposition:**

**Do you or your client need any disability accommodations?** NO
**If yes, please identify the requested accommodation:**

**Will an interpreter be needed?** NO
**If yes, for what language:**

**Please check off each applicable category: Putative Class Action?** NO  **Title 59?** NO  **Consumer Fraud?** NO

I certify that confidential personal identifiers have been redacted from documents now submitted to the
court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

| | |
|---|---|
| <u>11/22/2021</u> | <u>/s/ LORI B SHLIONSKY</u> |
| Dated | Signed |