**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| METROPOLITAN NEUROSURGERY on assignment of Naazish S., <br><br>　　　　　　Plaintiff, <br><br>　　v. <br><br>AETNA LIFE INSURANCE COMPANY and DELOITTE LLP, <br><br>　　　　　　Defendants. | Civil Action No. 22-0083 (JXN)(MAH) <br><br> **OPINION** |

**NEALS**, District Judge

This matter comes before the Court on Defendants Aetna Life Insurance Company ("Aetna") and Deloitte LLP's ("Deloitte") (collectively "Defendants") motion to dismiss for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 14.) The Court has considered the parties' submissions and decides this motion on the papers pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1. For the reasons below, Defendants' motion to dismiss is **GRANTED.**

### I.    BACKGROUND[1]

On December 4, 2019, Naazish S. (the "Patient") was admitted to Englewood Hospital through the emergency room. (Am. Compl., ¶¶ 11-12.) On that date, Dr. Kevin Yao, assisted by Dr. Mark Arginteanu, medical providers with Plaintiff Metropolitan Neurosurgery Associates ("MNA"), performed an emergency spinal laminectomy, disc herniation removal, and fluoroscopy on the Patient. (Am. Compl. ¶ 13, Exs. B, D, F.) On the date of service, the Patient was enrolled

---

[1] When reviewing a motion to dismiss, a court accepts as true all well-pleaded facts in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The Court cites to page numbers listed in the ECF header.

in the "Aetna Open Access Select EPO Plan" (the "Plan"), the pertinent terms and conditions of which are memorialized in a Summary Plan Description ("SPD"). (Am. Compl. ¶ 10, Ex. C.) The Plan is an ERISA-governed plan, funded by the Patient's employer, Deloitte, and administered by Aetna. (Am. Compl. ¶¶ 9-10.) When Patient underwent the emergency surgical procedure, MNA was not participating in the network of providers associated with the benefits provided by the Plan. (Am. Compl. ¶ 16.)

Following the Patient's surgery, MNA submitted Health Insurance Claim Forms ("HICFs") to Aetna for Dr. Yao's services in the amount of $138,192.00. (Am. Compl. ¶ 18; *id.*, Ex. E.) In response, Aetna sent an initial Explanation of Benefits ("EOB") to MNA on December 17, 2019, requesting more information to determine if Patient's emergency surgical procedure was eligible for coverage. (Am. Compl. ¶ 19; *id.* Ex. D.) On December 24, 2019, Defendants reimbursed MNA for three of the five Current Procedural Terminology ("CPT") codes in the amount of $4,068.7 for the services rendered to the Patient. (*See* Am. Compl ¶ 21; Ex. F.) Plaintiff asserts that the reimbursement issued by Defendants to MNA on December 24, 2019, "represents an underpayment of approximately $117,547.26, considering applicable pay rates and reductions." (Am. Compl. ¶¶ 21, 22; id., Ex. F.)

Plaintiff claims it "appealed Defendant[s'] determination on multiple occasions, all of which largely went without response." (Am. Compl. ¶ 28.) According to the Amended Complaint, MNA's first appeal was a letter dated January 30, 2020, sent by MNA's counsel, Callagy Law, P.C. (the "Callagy Firm"), advising that MNA did not accept the payment accompanying the EOB dated December 24, 2019, as full and final payment for the claim and invoking counsel's right to negotiate a settlement for "appropriate compensation" for the services provided to Patient. (*See* Am. Compl., Ex. G at 2-3.) The second appeal was a "Confidential Settlement Communication"

letter dated January 15, 2021, sent by the Callagy Firm to Aetna asserting MNA's objection to "the Allowed Amount" for the claim, offering a settlement of $134,592.53 and stating that "[d]espite [MNA's] best efforts to resolve this matter through available administrative remedies, including appeals, [MNA] remains underpaid." (*Id.* at 6-7.) The third appeal consisted of a similar letter dated July 28, 2021, from the Callagy firm to Deloitte. (*See id.* at 4-5.)

On November 22, 2021, MNA, proceeding on an assignment of benefits from the Patient, filed a lawsuit in the Superior Court of New Jersey, Law Division, Bergen County, asserting four state law claims against Aetna, Inc., and Deloitte. (ECF No. 1-1.) In the complaint, Plaintiff alleged the Plan "underpaid" MNA in the amount of $134,123.26 for services rendered. (*Id.* at ¶ 10.)

On January 7, 2022, Defendants removed to this Court based on federal question jurisdiction under 28 U.S.C. § 1331. (*See* Notice of Removal ¶¶ 19-27, ECF No. 1.) On January 14, 2022, Defendants moved to dismiss the Complaint. (ECF No. 7.) Plaintiff filed an Amended Complaint instead of opposing the motion. (*See* Am. Compl.) In the Amended Complaint, Plaintiff asserts a single claim under Section 502(a)(1)(B) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). (Am. Compl. ¶¶ 31-34.) Plaintiff alleges that "Defendants both substantially underpaid by failing to properly calculate the Reasonable Charge pursuant to the terms of the Plan and denied benefits due to [Patient] under the terms of the Plan...." (Am. Compl., ¶ 33.) Plaintiff seeks to recover the balance of benefits due under the Plan for the emergency services rendered to the Patient by MNA. (Am. Compl. ¶ 30.)

On February 17, 2022, Defendants moved to dismiss the Amended Complaint. (ECF No. 14.) Plaintiff opposed the motion (ECF No. 21), and Defendants replied in further support (ECF No. 22).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) permits a motion to dismiss "for failure to state a claim upon which relief can be granted[.]" For a complaint to survive dismissal under Rule 12(b)(6), it must contain sufficient factual matter to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Further, a plaintiff must "allege sufficient facts to raise a reasonable expectation that discovery will uncover proof of her claims." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 789 (3d Cir. 2016). In evaluating the sufficiency of a complaint, district courts must separate the factual and legal elements. *Fowler v. UFMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009) ("Iqbal ... provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before *Twombly*."). The Court "must accept all of the complaint's well-pleaded facts as true," *Fowler*, 578 F.3d at 210, "and then determine whether they plausibly give rise to an entitlement for relief." *Connelly*, 809 F.3d at 787 (citations omitted). However, Restatements of the elements of a claim are legal conclusions and, therefore, not entitled to a presumption of truth. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011).

**III.     DISCUSSION**

Defendants argue that the Amended Complaint should be dismissed because Plaintiff failed to (1) tie its claim to a plan provision showing that the benefits sought are actually due and (2) exhaust administrative remedies. (*See generally*, ECF No. 14.) The Court will address each argument in turn.

**I.     Denial of Benefits Under § 502(a)(1)(B) of ERISA.**

4

Plaintiff seeks to recover the balance of benefits due to the Patient under the Plan pursuant to ERISA § 502(a)(1)(B). (Am. Compl., ¶ 30.) Plaintiff alleges that the emergency spine surgery performed by the out-of-network provider MNA qualifies as a covered medical procedure pursuant to the terms of the Plan. (Am. Compl. ¶ 17.) Plaintiff claims Defendants underpaid by "approximately $117,547.26 by failing to properly calculate the Reasonable Charge for Dr. Yao's services and denied benefits due to [Patient] under the terms of the Plan." (Am. Compl. ¶¶ 22, 33.)

Section 502(a)(1)(B) of ERISA provides that a "participant" or "beneficiary" may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). To state a claim under § 502(a)(1)(B), a plaintiff "must demonstrate that the benefits are actually 'due'; that is, he or she must have a right to benefits that is legally enforceable against the plan." *Hooven v. Exxon Mobil Corp.*, 465 F.3d 566, 574 (3d Cir. 2006); *see Manning v. Sanofi–Aventis, U.S. Inc.*, No. 11–1134, 2012 WL 3542284, at *3 (M.D. Pa. Aug. 14, 2012) ("To state a claim under § 502(a)(1)(B), plaintiff must allege that she was eligible for benefits under the Plan, that defendant wrongfully denied her benefits and that in doing so, defendant violated § 502(a)(1)(B)."). For example, in *Atlantic Plastic and Hand Surgery, PA v. Anthem Blue Cross and Health Insurance Co.*, No. 17-4600, 2018 WL 1420496, *10 (D.N.J. Mar. 22, 2018), Judge Wolfson determined that the complaint failed to plausibly state a claim for denial of benefits pursuant to Section 502(a). Judge Wolfson explained that the allegations that the defendants failed to pay the usual and customary amount did not indicate that the defendants were required to do so under the applicable plan. *Id.* Judge Wolfson also noted that several courts have dismissed similar ERISA counts when the complaint failed to identify the plan provision that was

allegedly violated. *Id.* at *11 (citing *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13–552, 2015 WL 3938925, at *5 (D.N.J. June 25, 2015), *aff'd*, 650 F. App'x 106 (3d Cir. 2016)); *see also K.S.*, 2019 WL 1895064, at *4 (dismissing claim for full payment to out-of-network provider pursuant to Section 502(a) because "the Amended Complaint fails entirely to specify which portion of the Thales Plan the alleged underpayment violated").

In the Amended Complaint, Plaintiff points to the explanation of "Reasonable Charge" in the SPD to demonstrate that the Plan supports its claim for reimbursement. (*See* Am. Compl. ¶ 23-25.) The SPD provides:

> Only that part of a charge which is reasonable is covered. The reasonable charge for a service or supply is the lowest of:
>
> - The provider's usual charge for furnishing it
> - The charge the Claims Administrator determines to be appropriate, based on factors such as the cost of providing the same or a similar service or supply and the manner in which charges for the service or supply are made
> - The charge the Claims Administrator determines to be the prevailing charge level made for it in the geographic area where it is furnished.

(*Id.*) Additionally, the SPD provides that in determining the reasonable charge of a service or supply that is "unusual," "not often provided in the area," and "provided by only a small number of providers in the area," "[t]he claims administrator *may* take into account" (1) the complexity; (2) the degree of skill needed; (3) the provider's specialty; (4) the range of services or supplies provided by the facility; and (5) the prevailing charge in other areas. (*Id.*, at 115.)

The Amended Complaint lacks the allegations necessary to set forth an ERISA claim. Plaintiff states in conclusory terms that it has been underpaid and identifies a disparity between the amount it billed and the amount of Defendants' reimbursement; however, that disparity alone does not properly support a claim for relief. The Amended Complaint does not point to any Plan provision from which the Court can infer that Plaintiff was entitled to the amount of reimbursement

demanded for the out-of-network emergency medical services provided to the Patient. Additionally, Plaintiff fails to allege that the billed amount falls into the "Reasonable Charge" definition for the Plan. Accordingly, Plaintiff's § 502(a)(1)(B) claim is dismissed without prejudice for failure to plead sufficient facts to state a claim for relief. *Piscopo v. Pub. Serv. Elec. & Gas Co.*, No. 13-0552, 2015 WL 3938925, at *5 (D.N.J. June 25, 2015) ("Plaintiff has not pointed to any provision of a PSE & G benefit plan suggesting he is entitled to pension or retirement contributions nor has he alleged any facts about the plan."), *aff'd*, 650 F. App'x 106 (3d Cir. 2016).

## II.   Exhaustion of Administrative Remedies

Defendants argue that the Amended Complaint must be dismissed because Plaintiff failed to plead facts to suggest that Patient or MNA ever commenced, let alone exhausted, the Plan's prescribed administrative appeals process or that it would have been futile to have done so. (ECF No. 14-1 at 15.) In opposition, Plaintiff asserts that it appealed in accordance with the terms of the SPD and that its initial appeal was within the time constraints outlined in the SPD. (ECF No. 21 at 9-10.)

"[ERISA] requires both that employee benefit plans have reasonable claims procedures in place and that participants avail themselves of those procedures before turning to litigation." *Harrow v. Prudential Ins. Co. of Am.*, 279 F.3d 244, 249 (3d Cir. 2002). "[A] federal court will not entertain an ERISA claim unless the plaintiff has exhausted the remedies available under the plan." *Id.* (citing *Weldon v. Kraft, Inc.*, 896 F.2d 793, 800 (3d Cir. 1990)).

Because the Court has already found that dismissal of the Amended Complaint is warranted due to Plaintiff's failure to state a viable § 502(a)(1)(B) claim, the Court need not reach the issue of whether Plaintiffs exhausted their administrative remedies prior to filing this action, or whether

exhaustion should be excused as a result of Defendants' failure to abide by ERISA's procedural requirements. If an amended complaint is filed, Defendants are free to raise the issue of administrative exhaustion at that time. Failure to timely engage in and exhaust an ERISA plan's prescribed administrative appeals before filing suit bars that suit as a matter of law unless the plaintiff makes a "clear and positive showing" that it would have been "futile" to engage in the administrative process at the appropriate time. *See Harrow*, 279 F.3d at 249 (quoting *Berger v. Edgewater Steel Co.*, 911 F.2d 911, 916 (3d Cir. 1990) *and Brown v. Cont'l Baking Co.*, 891 F. Supp. 238, 241 (E.D. Pa. 1995)).

## III. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss (ECF No. 14) is **GRANTED,** and the Amended Complaint (ECF No. 11) is **DISMISSED WITHOUT PREJUDICE**. An appropriate Form of Order accompanies this Opinion.

JULIAN XAVIER NEALS
United States District Judge